UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL EUGENE FRYE, II,

     Plaintiff,

v.                                    Case No. 3:22cv16588-LC-HTC

ESCAMBIA COUNTY JAIL,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint purporting to assert claims under 42 U.S.C. § 1983 relating to the conditions of confinement at the Escambia County Jail (the "Jail"). ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). As set forth below, Plaintiff's complaint is subject to dismissal based on Plaintiff's failure to comply with Court orders and his failure to prosecute.

On September 21, 2022, the Court screened the complaint and found it deficient in several ways. Thus, the Court ordered Plaintiff to, within twenty-one (21) days, file either a notice of voluntary dismissal or an amended complaint. ECF Doc. 7. The Order warned Plaintiff that his failure to comply with it could result in

a recommendation of dismissal. When Plaintiff did not comply by October 24, the Court issued an order giving Plaintiff fourteen (14) days to show cause why this case should not be dismissed due to his failure to comply with the Court's September 21 Order. ECF Doc. 8. Plaintiff did not respond to the October 24 Order; in fact, Plaintiff has not communicated with the Court since filing the complaint on August 9, 2022.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Indeed, under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure

prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1.     This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders.

2.     The clerk be directed to close the file.

At Pensacola, Florida, this this 16th day of November, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.